NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

AUG 11 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-105-KSF

BRIAN ANDRE WARREN                                                          PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

UNITED STATES ARMY ARMOR CENTER AND FT. KNOX          DEFENDANTS

Brian Andre Warren, an individual presently confined at the Mound Correctional Center in Detroit, Michigan, has filed a *pro se* civil rights complaint, purportedly pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-02, and an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a). The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the district court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff challenges his detention, charges leveled against him, and ultimately discharge

from the United States Army, on the ground that his rights under the U.S. Constitution's Fifth, Sixth, Eighth, and Fourteenth Amendments were violated.

## RELIEF REQUESTED

The plaintiff seeks a declaration of his rights and $5,000,000.00 in damages.

## ALLEGATIONS

The plaintiff has submitted a 4-page "Petition for Declaratory Judgment and for Financial Compensation" [Record No. 1]. The following is a summary or construction of the plaintiff's allegations.

The plaintiff provides a copy of the Army's charge sheet from 1991, wherein he was charged with being absent without leave from February 16, 1990, until September 13, 1991. He has highlighted blanks on the Army's charge form, including the blanks for the name and signature of the accuser. The plaintiff claims that the lack of a signature (1) renders the charge null and void and (2) violates his constitutional rights to confront his accuser and to be afforded due process. He alleges that as a result of the illegal charge, he was discharged from the Army "under other than honorable conditions," and he attaches a copy of the certificate of discharge from active duty, which does contain these words as the character of his service. Under another section calling for the reason for separation, the following is typed: "for the good of service–in lieu of court-martial."

In addition to claiming that the decision to discharge him was obtained by violating the rights aforestated, the plaintiff also claims that the discharge has subjected him to cruel and unusual punishment. The plaintiff alleges that continuing to today, he has been denied employment and the benefits of employment; and further, he has suffered mental anguish, hunger, and homelessness. In addition to a declaration, he seeks an order requiring the Army to pay him five (5) million dollars

in damages, and he attaches as his last exhibit a 1985-2002 Social Security statement, which shows that he had zero income for years 1992, 1996-98, and 2000-02.

## DISCUSSION

On the first page of his initial pleading, the plaintiff claims the jurisdiction of this Court as follows:

> 1). This Court retains jurisdiction to issue a ruling in this matter pursuant to, 28 U.S.C. sec. 2201 - 2202; UNIFORM DECLARATORY JUDGMENT ACT., sec. 1, and, U.S. CONST. ART. III, cl. 2, sec. 1.
>
> Further, this matter in controversy has "Occurred" within this Courts District, in which the complained of violation is still causing harm to this Petitioner as of this present date; . . . .

Record No. 1 at 1. The plaintiff is not in Kentucky; nor does he describe any actions which occurred in the Eastern District of Kentucky. Warren is in Michigan and Fort Knox is in Hardin County, Kentucky, which is in the Louisville Division of the Western District of Kentucky. The instant complaint and the envelope containing the document both identify the Court as the "United States District Court for Kentucky," as if there were no eastern or western differentiation. The envelope's address for the United States District Court for Kentucky is the Post Office Box of the Clerk of this Court in Lexington, Kentucky. Thus the envelope was delivered to this Court.

When a civil action is brought in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a); *see also* 28 U.S.C. §1404(a) (similar language). However, because of the instant action's multiple fatal defects, the Court finds that it is not in the interest of justice to transfer it to the United States District Court for the Western District of Kentucky.

3

Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action. Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942). This Court has considered whether it has jurisdiction over constitutional claims arising in such military claims and finds that this Court does not.

Any lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985). The United States has not waived its sovereign immunity to monetary damages for constitutional torts. *Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984).

The Declaratory Judgments Act, upon which the instant plaintiff relies, does not confer jurisdiction upon the district courts where it does not otherwise exist. *See Larsen v. Hoffman*, 444 F.Supp. 245, 255 (D.C.D.C. 1977) (in addition to the Declaratory Judgments Act's not being a grant of jurisdiction, no jurisdiction for reinstatement and back pay is provided under the Administrative Procedures Act (APA)(5 U.S.C. §702) (barring suits for money judgments); or general federal

question jurisdiction, 28 U.S.C. §1331; or 28 U.S.C. §1346(a)(2), governing when the United States is a defendant; or the Mandamus Act, 28 U.S.C. §1361).

In attempting to balance military concerns against the equally significant interest of insuring fairness to servicemen charged with military offenses, Congress has created an integrated system of military courts and review procedure. *Schlesinger v. Councilman*, 420 U.S. 738, 757 (1975). Jurisdiction for reinstatement and back pay is in the exclusive jurisdiction of the Court of Claims, as provided in 28 U.S.C. §1491(a)(1), and it is a limited waiver of sovereign immunity. *Larsen v. Hoffman*, 444 F.Supp. at 255; see also *Sibley v. Ball*, 924 F.2d 25, 28 (1st Cir.), *affm'd*, 944 F.2d 913 (Fed.Cir. 1991); *Wronke v. Marsh*, 767 F.2d 354 (7th Cir. 1983).

Thus, plaintiff's constitutional claims against the Army and/or the Armor Center at Fort Knox for money damages in the federal district courts across the country are barred by the doctrine of sovereign immunity. *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982), *cert. denied*, 459 U.S. 832 (1983). Therefore, the United States District Court for the Western District of Kentucky, like this Court, does not have subject matter jurisdiction over the plaintiff's claims against the Army and Army Armor Center at/and Fort Knox.

Even were the detention and discharge the only issue and the plaintiff had alleged jurisdiction under 10 U.S.C. §1552, another limited waiver of sovereign immunity, still the instant cause could not proceed.[1] "This Court is aware of the ample authority for the proposition that federal courts shall

---

[1] Military prisoners have also pursued relief through 28 U.S.C. §2241, but such proceedings require exhaustion of all military review procedures. *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975); *Payne v. Chandler*, 162 F.3d 1162, 1998 WL 5530354 (6th Cir.1998) (unpublished); *Kahn v. Hart*, 943 F.2d 1261, 1263 (10th Cir. 1991). A district court sitting with only 28 U.S.C. § 2241 jurisdiction to review a court-martial will only consider claims by military prisoners if they were not given "full and fair consideration" by the military courts. *Ackerman v. Novak*, 66 Fed.Appx. 158, 2003 WL 1904791 (10th Cir. 2003) (citing *Watson v. McCotter*, 782

not intervene on the merits of military cases until military remedies are exhausted." *Temple v. Orr*, 580 F.Supp. 1111, 1113 (M.D. Tenn. 1984) (citing cases). These military procedures include a six-year statute of limitations, which may bar an action at its inception and which may bar the instant one. *Id.* It is not necessary to speculate on the time-bar herein, however, as the instant action contains no allegation, or even suggestion, that Petitioner Warren pursued his military remedies in the early 1990's so as to have exhausted them prior to the instant filing.[2]

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** that the plaintiff's petition for declaratory judgment [Record No. 1] is **DENIED**; and a separate Judgment shall be entered contemporaneously herewith, in favor of the named defendants, the United States Army and the Army Armor Center and Fort Knox.

This the 11th day of August, 2005.

KARL S. FORESTER, SENIOR JUDGE

---

F.2d 143, 144 (10th Cir. 1986)). A district court must not review a habeas petitioner's claims on the merits if the issue was not properly raised in the military courts. *Id.; see also Byington v. Warden,* 116 Fed.Appx. 563 (6th Cir. 2004) (unpublished) (affirming dismissal by this Court for failure to exhaust all available military remedies).

[2] Further, even after identifying a statute granting a limited waiver of sovereign immunity and finding that all military proceedings exhausted, the standard for justifying a federal court's intervention is a high one, *i.e.*, a showing that the action against the service person was arbitrary or capricious or unsupported by substantial evidence. *Temple*, 580 F.Supp. at 1113; *see also Baker v. Schlesinger*, 523 F.2d 1031 (6th Cir. 1975), *cert. denied*, 424 U.S. 972 (1976). See also a discussion of factors to be considered in judicial review in *Adams v. United States*, 17 Fed.Appx. 733 (9th Cir. 2001) (unpublished).